## GLOBE MACHINERY & SUPPLY CO v MORRIS

Ohio Appeals, 6th Dist, Lucas Co

No 2976. Decided Nov 30, 1934

Farber & Cochrane, Toledo, for plaintiff in error.

Fritsche & Winchester, Toledo, for defendant in error.

## OPINION

By WILLIAMS, J.

This action was brought by Charles B. Morris in the Court of Common Pleas to recover from the Globe Machinery & Supply Company commissions for the sale of gas station equipment. The defendant offered no evidence whatever, and the cause was submitted to the jury. The jury returned a verdict for the plaintiff, judgment was rendered thereon and this proceeding in error is brought seeking a reversal of that judgment.

The case turns upon whether there was a contract of employment between plaintiff and defendant. The plaintiff offered in evidence three letters purporting to have been written by F. R. Johnston of the Hoist Department of the Globe Machinery & Supply Company and signed "Globe Machinery & Supply Company, F. R. Johnston, Hoist Department." These letters were all written in reply to letters written and mailed to the Globe Machinery & Supply Company by the plaintiff. The former letters were, therefore, prima facie genuine and admissible in evidence without proof of handwriting or other proof of authenticity. The authorities upon this proposition of law are collected in 22 C. J., p. 908, §1111.

The third of these letters contained the following:

"The fact of the matter was that we had planned to get our Mr. Paul Lockwood, **who represents us in your territory**, in touch with you previously but it has been impossible for Mr. Lockwood to call, due to his being tied up in other territories.
* * *
It happens that Mr. Lockwood is to be free during the next few days and we are requesting him to call upon you, talk over with you the sales possibilities in your territory, the prospects you have, etc., and find our whether some working arrangements can be arrived at. We are writing Mr. Lockwood to this effect today."

Plaintiff testifies that after the receipt of this letter Mr. Lockwood did call upon him and that he made a contract by which he was to receive 25% commission on the gross sale of all hoists, freight to be deducted. Thereafter the plaintiff made certain sales in the name of the defendant and handled them through Mr. Lockwood or The A. B. Tobies Sales Company of Detroit, Michigan. Commissions were paid on all sales except two, but these commissions came from The A. B. Tobies Sales Company. There is therefore proof that Lockwood was the duly authorized agent of defendant in making the contract of employment, and we are of the opinion that the trial court did not commit prejudicial error in refusing to direct a verdict in favor of the defendant.

The question is made that the court below erred in allowing the plaintiff to testify to a conversation with Lockwood, in which Lockwood stated,

"He had been informed by the Globe Company to come here and investigate me and give me an agency for selling the hoists, and we talked about what had been—."

It is claimed that this was an effort to prove the authority of Lockwood as agent by his own declarations. The point is well-taken, but we think the admission of the evidence was not prejudicial for the reason that the authority of Lockwood is proven by other undisputed evidence, that is to say, by the letter from which we have quoted heretofore in this opinion.

It is also contended that the trial court erred in charging the jury that the burden of proof was on the defendant. It is true that at one place in the charge the court used the word "defendant" where he should have used the word "plaintiff", but when the whole charge is read, it is apparent that this statement was a mere slip of the tongue and did not mislead the jury, for the court clearly and in unmistakable language, puts the burden of proof upon the plaintiff.

We have examined the record but find no error prejudicial to plaintiff in error.

Judgment affirmed.

RICHARDS and LLOYD, JJ, concur.